## DAVIS v. WEBSTER AND HUCKINS.

A debtor refusing, on request, to elect whether he will retain a horse or pair of oxen as a team exempt from attachment, cannot afterwards complain because the oxen, and not the horse, were attached and sold.

A debtor whose cows are all taken on attachment has no ground of action for a wrongful taking and conversion of exempted property, if at the time of the attachment he informed the sheriff making it that he had other cows, and the sheriff afterwards, on learning he had taken the last cow, returned one, which the debtor received.

An officer is not liable in damages for an excessive attachment, unless in making the attachment he acts without ordinary care, and so conducts as to warrant the conclusion that he intended a wrong from the first.

TROVER, for a pair of oxen and a cow. Plea, the general issue, with a brief statement that Webster, a deputy sheriff, attached and sold the oxen and cow on a writ against the plaintiff, and Huckins acted as Webster's servant. The plaintiff claims the oxen and cow as exempt from attachment, and because the attachment was excessive.

The referee found that Huckins was Webster's assistant at his request. Webster was a deputy sheriff, and, having a writ against the plaintiff, who was a farmer, went to the latter's barn to attach personal property. The plaintiff was requested to elect whether

he would retain the oxen or a horse as an exempted team, and he refused to elect. The oxen and three cows were in the barn, and the plaintiff said, " If these are not enough, there are more in the field." The plaintiff, learning that his real estate had been attached, refused to receipt for the oxen and cows, and forbade the attachment, and the defendants drove them away. Four days later, Webster, learning that he had taken all the plaintiff's cows, returned one, which the plaintiff received. The writ commanded the sheriff to attach property of the value of $300. The officer was requested by the creditor to attach real and personal estate. Before attaching the oxen and cows, he attached the plaintiff's land of the value of $4,000, unincumbered, not knowing whether or not it was incumbered. Webster sold the oxen and two cows on the writ, and, the plaintiff having satisfied the judgment that was obtained against him in the suit, the proceeds, after deducting the costs of sale, were paid to the plaintiff. The court ordered judgment on the report for the defendants, and the plaintiff excepted.

*Putnam*, with whom was *Carpenter*, for the plaintiff.

*Flanders*, with whom were *Blair & Burleigh*, for the defendants.

ALLEN, J. The oxen or horse, required by the plaintiff for farming purposes, and one cow, were exempt from attachment. Laws of 1871, *c.* 30, *s.* 1.

The plaintiff, on request, refused to elect whether he would retain the oxen or horse as an exempted team. Having the option given him of retaining either the oxen or horse, and refusing to exercise it, he could not afterwards complain, and make the defendants liable for taking the oxen and not the horse. *Howard* v. *Farr*, 18 N. H. 457. All the plaintiff's cows were attached and driven away; but on Webster's learning that he had attached all the cows, one was returned four days after, and, so far as the case shows, received by the plaintiff without objection. While the officer was present to attach the cows and oxen, they were pointed out to him by the plaintiff, with the remark that there were more in the field. Before the cattle were driven away, the plaintiff forbade the attachment, not because a cow, the oxen, or any of the animals were exempt, but because he learned that his farm had been attached. Whether or not the attachment was completely made when the plaintiff informed the officer that there were more cattle in the field, the officer had a right to understand when he actually took the cows into his possession that they were not the plaintiff's only cows. The refusal to furnish a receiptor, and forbidding an attachment, was on the express ground of excessive attachment, and did not revoke or qualify the information before given, and upon which the officer was acting. Having led the offi-

cer to suppose he had other cows than those attached, not claiming some cow, nor any particular cow, as exempt, and receiving back one cow, released from attachment, without objection, the plaintiff could not, after the other cows were sold, hold the defendants liable.

The claim that the attachment was excessive and unlawful because the defendant officer, before attaching the chattels, had, on the same writ commanding him to attach property of the value of $300, attached the plaintiff's real estate valued at $4,000, cannot be upheld on any facts stated in the case. To make an officer a trespasser for exceeding or abusing his authority, he must be shown to have committed acts which persons of ordinary care and prudence would not, under like circumstances, have committed, and made such a departure from duty as to warrant the conclusion that he intended from the first to do wrong, and use his legal authority as a cover for an illegal act. *Taylor* v. *Jones*, 42 N. H. 25, 35; *Closson* v. *Morrison*, 47 N. H. 482. It does not appear that the officer acted in bad faith in making the attachment, or that he was culpably negligent in not ascertaining the value of the real estate or that it was unincumbered, before attaching the personal property.

*Exceptions overruled.*

SMITH, J., did not sit: the others concurred.